Alfred T. TAYLOR, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17737.

United States Court of Appeals
District of Columbia Circuit.

Argued June 24, 1963.

Decided July 25, 1963.
Certiorari Denied Nov. 12, 1963.
See 84 S.Ct. 209.

Mr. John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. Judah Best, Asst. U. S. Atty., for appellee. Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, William H. Collins, Jr., and Barry I. Fredericks, Asst. U. S. Attys., were on the brief, for appellee. Mr. Robert A. Levetown, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, BASTIAN and McGOWAN, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury under an indictment charging narcotics offenses. The prosecution's case consisted of evidence of a sale made by him of heroin to a federal agent in Washington, D. C., on October 12, 1961. The defense was that appellant was not in Washington on that date.

In support of his alibi, appellant testified that he had checked into the Dawn Hotel in New York City on October 9, 1961, and had continued to stay there until October 15. The Government offered as a rebuttal witness the bookkeeper and secretary of the hotel who had served as such for the preceding five years. Testifying from room registration cards, which were subsequently admitted in evidence, she stated that the cards showed appellant as having checked in on October 9, checked out on October 10, checked in again on October 14, and out again on October 15. She also testified that the cards showed Room 212, the room in which appellant first stayed, as occupied by another guest on October 12, as was also Room 208, the room assigned to appellant on October 14.

The registration cards were filled out by two hotel room clerks. On cross-examination, it came out in the presence of the jury that the two clerks were no longer employed by the hotel, having been discharged. Out of the presence of the jury, it developed that the clerks had been dismissed from their employment because of their failure to turn in

all of the money shown by the registration cards as being due, and presumably collected, from the guests. Still out of the presence of the jury, the court conducted an extended inquiry into the circumstances giving rise to the discharge. The testimony was that there had been no instance of the falsification of registration cards, but that the derelictions had consisted solely of failure to turn over all of the room fees shown by the registration cards as being due. On this showing, the court concluded that it was affirmatively shown that the cards were accurate, and that the subsequent pilfering of funds was not material to the issue of the reliability of the room records. The records were therefore admitted, and counsel for the appellant was not permitted to go into the reasons for the discharge in the presence of the jury.

On this appeal, the only issue raised is the propriety of this ruling. We do not believe it to have been in error.

The hotel registration cards were offered, and admitted, under 28 U.S.C. § 1732, relating to records made in the regular course of business. Appellant takes no exception to their admissibility, but contends that he was entitled to get before the jury the evidence of the room clerks' financial derelictions as going to the weight of the evidence; and he points to the provision of the statute which says that "All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility."

Had there been any showing of alteration of the room records in aid of the misappropriation of funds, then appellant would clearly have been entitled to go into the matter of the cause of the discharge. But the facts, as developed in the careful inquiry made by the court out of the presence of the jury, were all to the contrary. Indeed, it was the very accuracy of the room records which established the diversion of the funds. It is, of course, quite significant in this regard that the room first occupied by the appellant was shown to have been occupied by another paying guest on October 12. Under these circumstances, the court committed no abuse of discretion in holding that the evidence sought to be developed was without significant materiality in terms of the weight to be accorded the room records. The judgment appealed from is

Affirmed.